# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2021

Lyle W. Cayce
Clerk

No. 21-50157
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS FERNANDO VILLASANA-BORREGO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-436-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Luis Fernando Villasana-Borrego appeals the 37-month, within-guidelines prison sentence and three-year term of supervised release imposed following his guilty plea for illegal reentry after removal from the United States. He contends that his sentence is unconstitutional because

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50157

8 U.S.C. § 1326(b) permits a sentence above the otherwise-applicable statutory maximum found in § 1326(a) without the requirement that the necessary facts be alleged in an indictment and proved beyond a reasonable doubt.

Villasana-Borrego requests that we vacate the sentence and remand for resentencing under § 1326(a), but he concedes that his arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), and he seeks to preserve the issues for further review. The Government filed an unopposed motion for summary affirmance in which it agrees that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Therefore, Villasana-Borrego's arguments are foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.